IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL KELLY, | ) |
| | ) |
| PLAINTIFF, | ) |
| v. | ) CASE NO.: 3:05-cv-1215-MEF |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) (WO-Not Recommended for Publication) |
| | ) |
| DEFENDANT. | ) |

## **O R D E R**

This cause is before the Court on the "Joint Motion of Dismissal" (Doc. # 19) filed on November 8, 2006 by counsel for the Defendant Department of Veterans' Affairs and counsel for Plaintiff Michael Kelly. By this motion, the attorneys for the parties to this action seek dismissal of the action with prejudice because it will be, in their view, "very difficult, if not impossible, to obtain accurate evidence" about the events giving rise to the suit because of the death of Booker Brown[1] and Plaintiff Michael Kelly. The statement made in the motion was the first notice this Court had that Plaintiff Michael Kelly had died.

The situation created by the death of the Plaintiff Michael Kelly precludes this Court from granting the relief requested. First, the Court is concerned that the death of Plaintiff Michael Kelly has likely terminated the authority of Plaintiff's counsel to act on his behalf. Agency law typically provides that an agent's authority terminates upon the death of the

---

[1] Booker Brown is alleged to have been an employee of the Department of Veteran's Affairs and to have sexually harassed Plaintiff Michael Kelly. A suggestion of death was filed after Booker Brown died. By a separate Order recently entered in this action, the claims against Booker Brown have been dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).

principal. The lawyer-client relationship is not excepted from this rule. There is nothing in the fact record before the Court to establish the authority of or authorization for counsel for the deceased Plaintiff Michael Kelly to file any pleadings in this case, including the pending Joint Motion of Dismissal. If Plaintiff Michael Kelly has in fact died, this raises many other questions such as whether the claims he set forth in this action survive his death and who is the appropriate legal party to make decisions regarding any claims which do survive his death.

In light of the foregoing, it is hereby ORDERED as follows:

1. The Joint Motion of Dismissal (Doc. # 19) is DENIED.

2. By no later than **November 30, 2006**, Counsel for Plaintiff Michael Kelly shall file a brief supported by appropriate factual exhibits addressing the following issues: (a) the factual and legal basis for any assertion that they continue to have the authority to act as counsel for Plaintiff Michael Kelly in this case; (b) for each and every claims set forth in the Complaint, the legal basis for the survival of any of the claims of Plaintiff Michael Kelly given his death or if none of the claims survive, the legal authority for the proposition that the death of Plaintiff Michael Kelly extinguished those claims; and (c) the name and address of the person or persons authorized by law to act on behalf of Michael Kelly's estate or his heirs or successors.

DONE this the 9th day of November, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE